## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**GLEN ASHTON**                                                    **PETITIONER**


**V.**                              **CIVIL ACTION NO. 3:19CV170 HTW-LGI**

**WARDEN C. NASH**[1]                                    **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Glen Ashton filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  At the time of filing, Petitioner was in the custody of the Federal Correctional Institute-Low in Yazoo City, Mississippi, serving a term of imprisonment imposed by the United States District Court for Middle District of Pennsylvania. Petitioner contends that the Bureau of Prisons ("BOP") has failed to credit him with Earned Time Credit under the First Step Act of 2018 ("FSA"), which permits federal inmates to earn additional days of good conduct time for each year of the sentence imposed.  Respondent asserts that the petition should be dismissed, however, because Petitioner failed to exhaust his administrative remedies.  Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for lack of exhaustion.

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. § 2242-2243.  Although Petitioner has yet to file a change-of-address in compliance with the orders of the court, the Bureau of Prisons' website reflects that he has been transferred to a new facility. https://www.bop.gov/ (last visited January 4, 2022).  Because jurisdiction over a § 2241 petition attaches at the time of filing, this court has jurisdiction, notwithstanding his transfer to a different facility and custodian. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

The BOP is vested with the authority by the Attorney General to calculate a federal prisoner's period of incarceration of the sentence imposed.  Petitioner rests his First Step Act claim, Pub. L. No. 115-391, § 102(b)(1), 132 Stat. 5194, 5210 (2018), on 18 U.S.C. § 3624(b)(1), which provides in relevant part as follows:

> . . . [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment.

18 U.S.C. § 3624 (b).

However, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added).  Inmates exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program.  Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies.  *Wright v. Hollingsworth*, 260

F.3d 357, 358 (5th Cir. 2001).  Substantial compliance with administrative procedures does not suffice.  *Id.*  However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies.  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e., where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review."  *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62).  If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

The BOP establishes a four-step administrative remedies process for inmates seeking formal review of issues relating to their confinement.  28 C.F.R. § 542.10−542.19.  An inmate must first file a BP-8 form requesting informal resolution.  If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred.  Within 20 days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form.  If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days.  Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

As a threshold matter, the undersigned notes that the BOP's website reflects that Petitioner was scheduled to be released on January 6, 2022, before a final decision issues in this matter. His release will likely render his petition, which appears to have been filed prematurely, moot. [2] *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). Notwithstanding, Petitioner does not deny his failure to exhaust. He does not contend, in either his petition or traverse, that the BOP's administrative procedures were unavailable to him. *See Hinton v. Martin*, 742 F. App'x 14, 15 (5th Cir. 2018) (quoting *Blake*, at 1859-60) (internal quotation marks omitted) ("[A]n administrative remedy may be unavailable where (1) prison officials are unable or consistently unwilling to provide any relief to aggrieved inmates, (2) the administrative scheme is so opaque that it becomes, practically speaking, incapable of use by an ordinary prisoner, or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). Nor does he contend that extraordinary circumstances warranted an exception to the exhaustion requirement. Rather, Petitioner asserts that the exhaustion requirement is not applicable to First Step Act claims and would have been futile because his release date is fast approaching. These arguments are unavailing.

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the

---

[2] The docket reflects that Petitioner filed the instant petition on March 6, 2019, before the good-time provisions of the First Step Act went into effect. *See Schmutzler v. Quintana*, No. CV 5: 19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019) (summarily dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies).

BOP, including the responsibility for computing time credits and determining a sentence termination date once a defendant commences serving his sentence. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). Thus, an inmate challenging the computation and execution of his sentence must complete the administrative remedies process prior to filing a 28 U.S.C. § 2241 habeas petition. *Woodford v. Ngo*, 548 U.S. 81, 89–92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *Qattoum v. Gillis*, No. 5:18-CV-137-DCB-MTP, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020) (petitioner must exhaust his FSA claim concerning Earned Time Credit with the BOP before filing federal habeas petition). *See also Taylor v. Warden, FCI Beaumont*, No. 1:20-CV-492, 2021 WL 3924082, at *2 (E.D. Tex. July 28, 2021), *report and recommendation adopted,* No. 1:20-CV-492, 2021 WL 3912744 (E.D. Tex. Sept. 1, 2021) (same); *Saenz v. Warden, FPC Beaumont*, No. 1:20-CV-478, 2021 WL 2834410, at *2 (E.D. Tex. June 1, 2021), *report and recommendation adopted sub nom. Saenz v. Warden, FCI Beaumont*, No. 1:20-CV-478, 2021 WL 2826748 (E.D. Tex. July 7, 2021) (same). This is so even when the inmate may be entitled to immediate release. *Preiser v. Rodriguez,* 411 U.S. 475, 494-95 (1973). "The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Powell*, 834 F. App'x 940, 941 (5th Cir. 2021) (citing omitted); *United States v. Taylor*, 855 F. App'x 975, 975 (5th Cir. 2021). Because Petitioner did not exhaust his FSA claim before filing the instant petition, his petition must be dismissed for failure to exhaust administrative remedies.

        For these reasons, the undersigned recommends that the instant petition be dismissed for failure to exhaust available state remedies.

                                                5

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 20, 2022.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE